# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY SMASHUM, | ) |
| Petitioner, | ) |
| v. | ) Case No. CV416-022 |
| WILLIAM DANFORTH, Warden, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

A Chatham County, Georgia jury convicted petitioner Anthony Smashum in April 2006 of "armed robbery, aggravated assault, aggravated battery, and three counts of possessing a firearm during the commission of a felony." *Smashum v. State*, 293 Ga. App. 41, 41 (2008). More than three years later, he filed a state habeas corpus action challenging his convictions. Doc. 8-4 at 1 (filed September 11, 2012). On July 6, 2015, the state habeas court denied relief. Doc. 8-5. The Georgia Supreme Court then denied Smashum a certificate of probable cause to appeal on November 2, 2015. Doc. 8-6. Smashum filed the present 28 U.S.C. § 2254 petition on January 12, 2016. Doc. 1. Review of the parties' briefing shows that it must be denied as untimely.

Smashum had to file for § 2254 relief within one year after the date his conviction became final. 28 U.S.C. § 2244(d)(1).[1] That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y, Dep't of Corr.*, 512 F. App'x 981, 982–83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at * 1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the petitioner does not have a direct appeal or collateral proceeding in play.").

Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at * 1. And once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at * 1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon*, 2013 WL 2385197 at * 3; *Nesbitt*, 2014 WL 61236 at * 1.

---

[1] That provision provides for other events which trigger the one-year limitations period, but none apply here. *See* 28 U.S.C. § 2244(d)(2)-(4).

Smashum's convictions became final, and his one-year clock began to tick, on February 2, 2009, 90 days after the Georgia Supreme Court rejected his appeal.[2] United States Supreme Court Rule 13(1) (petitioners have 90 days to petition for *certiorari*); *Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when . . . the time for filing a *certiorari* petition expires."); *Smashum*, 293 Ga. App. at 41 (appeal rejected November 3, 2008). The clock ran out a year later, on February 2, 2010. Over *900* days elapsed thereafter before he filed his state habeas corpus petition. Doc. 8-4.

Despite that, Smashum's petition "may still be timely if [he] is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (citing *Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.* Smashum offers nothing to show either diligent pursuit or extraordinary circumstances.

---

[2] The Georgia Supreme Court denied *certiorari* on November 3, 2008. *See Smashum*, 293 Ga. App. at 41. 90 days fell on Sunday February 1, 2009, so the deadline shifted to the following Monday, February 2. Fed. R. Civ. P. 6(a)(1)(C).

3

Accordingly, Anthony Smashum's § 2254 petition should be **DISMISSED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED**, this  2nd  day of August, 2016.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA